```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X      CIVIL ACTION NO.
CELINA HAIGOOD f/k/a CELINA NYACK,

                        Plaintiff,
                                           COMPLAINT
        -against-

CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT and
P.O. LYNN DILIETO,                         JURY TRIAL DEMANDED


                        Defendants.
------------------------------------X
```

The plaintiff, complaining of the defendants, by her attorney, MICHAEL DREISHPOON, ESQ., respectfully shows to this Court and alleges:

JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States Code, Section 1983 and under the laws and statutes of the State of New York.

3. Jurisdiction is founded upon U.S.C. Sections 1331 and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to

Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

## PARTIES

5. The plaintiff, CELINA HAIGOOD f/k/a CELINA NYACK (hereinafter referred to as CELINA HAIGOOD) is a citizen of the United States, and is a resident of Queens County, State of New York.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, and on or about July 12, 2014, defendant, P.O. LYNN DILIETO, was employed by the defendant, NEW YORK CITY POLICE DEPARTMENT, as a police officer.

8. The defendant, NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of the NYPD, as well as the hiring, screening, training, supervising, controlling

and disciplining of its police officers and civilian employees.

9. Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the police officers employed by the NYPD.

10. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code Section 1983 and arising under the laws and statutes of the State of New York.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as a police officer or police officers of said State and City.

## PENDENT STATE CLAIMS

12. A Notice of Claim asserting causes of action for excessive force and false arrest was served upon defendants, CITY OF NEW YORK and NYPD, on October 7, 2014.

13. The plaintiff testified at a "50-h hearing" pursuant to General Municipal Law §50-h on May 13, 2015.

14. More than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendants and the defendants have neglected or refused to make any adjustment or payment thereof.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff, CELINA HAIGOOD, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth herein.

16. On July 12, 2014, at approximately 11:00 P.M., in front of 114-45 148th St., Jamaica, NY 11433, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and restrained plaintiff, CELINA HAIGOOD, without any right or grounds therefore.

17. At that time and place, the defendants also wrongfully and falsely accused plaintiff, CELINA HAIGOOD, of committing the following crime: Criminal Possession of a Weapon in the Second Degree (P.L. §265.03).

18. The detention, arrest and imprisonment of plaintiff, CELINA HAIGOOD, was caused by the defendants and/or their agents, servants and employees, without any warrant or other legal process and without authority of the law, and without any reasonable cause or belief that plaintiff was in fact guilty of such offenses.

19. Upon information and belief, on July 12, 2014, P.O. LYNN DILIETO wrongfully and unlawfully, against Plaintiff's wish, without probable cause, and on the false accusations then claimed, arrested and imprisoned Plaintiff, and with full force of arms, forcibly and violently seized, laid hold of and compelled her to go to the 113th Precinct, and, thereafter, Central Booking.

20. The defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff, CELINA HAIGOOD, even though the defendants, their agents, servants and employees had the opportunity to know, or should have known, that the allegations were false and that the plaintiff did not break the law.

21. Plaintiff, CELINA HAIGOOD, was wholly innocent of said criminal charge and did not contribute in any way to the conduct of the defendants, their agents, servants and employees, and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

22. The defendants, their agents, servants and employees, as set forth above, intended to confine plaintiff, CELINA HAIGOOD, in that plaintiff was conscious of the confinement, and defendants were not otherwise privileged.

23. By reason of the false arrest, imprisonment and detention of plaintiff, CELINA HAIGOOD, she was subjected to great

indignities, humiliation and ridicule in being so detained and charged with the above-mentioned crime, and greatly injured in her credit and circumstances, and was then and there prevented and hindered from preforming and transacting her necessary affairs and business, and she was caused to suffer much pain in both mind and body.

24. By reason of the aforesaid, plaintiff, CELINA HAIGOOD, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff, CELINA HAIGOOD, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "24" with the same force and effect as if more fully set forth herein.

26. The defendants, CITY OF NEW YORK and NYPD, were careless and reckless in hiring and retaining P.O. LYNN DILIETO because she lacked the experience, deportment and ability to be employed by the defendants. In addition, the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the officers in question who lacked the mental capacity and the ability to function as police officers; failed to investigate the background of the officers in question; failed to uncover that said officers lacked the maturity, sensibility and intelligence to be police officers.

27. The aforesaid false arrest and imprisonment were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff contributing thereto.

28. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, was injured in mind and body, and still suffers and, upon information and belief, will continue to suffer, mental pain and anguish, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, as a result of the aforementioned false arrest and imprisonment.

29. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff, CELINA HAIGOOD, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "29" with the same force and effect as if more fully set forth herein.

31. The defendants, CITY OF NEW YORK and NYPD, their agents, servants and employees, negligently, carelessly and recklessly trained and supervised defendant, P.O. LYNN DILIETO, and the other officers involved. More specifically, the defendants failed to train said officers in the proper methods of restraining a suspect

and how to control their tempers. In addition, the defendants failed to give said officers proper instructions as to deportment, behavior and conduct.

32. The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind, were caused wholly and solely by reason of the negligence of the defendants, without any negligence on the part of the plaintiff.

33. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, was injured in mind and body, and still suffers and, upon information and belief, will continue to suffer, mental pain and anguish, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, as a result of the aforementioned false arrest and imprisonment.

34. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff, CELINA HAIGOOD, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "34" with the same force and effect as if more fully set forth herein.

36. The defendants, their agents, servants and employees, negligently, carelessly and recklessly performed their police

8

duties in that they failed to use such care in the performance of their duties as trained police officers would have used under similar circumstances in that they carelessly, recklessly and negligently arrested the plaintiff without doing a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrest of the plaintiff; in that the defendants, their agents, servants and employees, negligently, carelessly and recklessly, without provocation, interfered with the plaintiff's right of free movement in a public place; in that the defendants negligently, carelessly and recklessly used a threat of physical force upon the plaintiff; in that the defendants, their agents, servants and employees were otherwise negligent, careless and reckless.

37. The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

38. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, was injured in mind and body, and still suffers and, upon information and belief, will continue to suffer, mental pain and anguish, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated and will, upon information and belief, be so incapacitated in the future, as a result of the

aforementioned false arrest and imprisonment.

39. By reason of the aforesaid, the plaintiff has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION

40. Plaintiff, CELINA HAIGOOD, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "39" with the same force and effect as if more fully set forth herein.

41. On July 12, 2014, at approximately 11:00 P.M., the plaintiff was lawfully in front of 114-45 148th St., Jamaica, NY 11433.

42. On that date and at that time, police officers, including P.O. LYNN DILIETO, also were present in front of that particular premises.

43. As the plaintiff was lawfully and properly thereat, P.O. DILIETO, having the real and apparent ability to cause imminent harmful and offensive bodily contact, and the power and authority to arrest and imprison the plaintiff, did so threaten these acts upon her. Moreover, the plaintiff was forcefully detained by P.O. DILIETO and other officers and/or detectives.

44. Immediately thereafter, the defendants falsely arrested and imprisoned the plaintiff, CELINA HAIGOOD, and deprived her of her rights and liberties as set forth in the Constitutions of the

United States and of the State of New York, by handcuffing her and threatening her with the possible use of weapons and the use of physical force and imprisoned her without any conduct on the part of the plaintiff to so warrant.

45. All of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, CELINA HAIGOOD, to arrest, restrain and imprison her without her consent. Plaintiff at all times was conscious of her arrest and did not consent to her arrest.

46. Plaintiff's arrest and imprisonment were not justified by probable cause or other legal privilege. Moreover, the defendants, their agents, servants and employees, acting under the color of statutes, ordinances, regulations, customs and usages of the City of New York and NYPD, and under the authority of their office as police officers for the police department, falsely charged the plaintiff, with criminal possession of a weapon even though the defendants, acting in such capacity, knew that such charge was false.

47. The defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior, and the performances of, P.O. DILIETO. Moreover, the defendants' failure to enforce the laws of the State of New York is evidence of their

reckless lack of regard for the rights of the public, including the plaintiff, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

48. The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants in the exercise of their functions and their failure to enforce the laws of the State of New York, the City of New York and the New York City Police Department was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and the City of New York, including the plaintiff.

49. The defendants' failure to discipline or terminate P.O. DILIETO represents a clear and present danger to the citizens of the City of New York and the State of New York.

50. The defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the plaintiff in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Queens, and under the authority of

their office as police officers for the CITY OF NEW YORK and the NYPD.

51. Plaintiff, CELINA HAIGOOD, did not commit any illegal acts, either before or at the time she was falsely arrested and imprisoned and deprived of her constitutional rights as set forth in the Constitution of the State of New York.

52. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, the plaintiff, CELINA HAIGOOD, was falsely arrested and imprisoned.

53. At all times hereinafter mentioned, P.O. DILIETO was employed in her respective capacity by the defendant, NYPD, and was acting under the color of her official capacity and her acts were performed under the color of policies, statutes, ordinances, rules and regulations of the NYPD.

54. At all times hereinafter mentioned, defendant, P.O. DILIETO, and unknown police officers and/or detective, were acting pursuant to orders and directives from the defendants, CITY OF NEW YORK and NYPD.

55. During all times hereinafter mentioned, P.O. DILIETO and her colleagues, separately and in concert, acted under color and pretense of the laws, statutes, ordinances, regulations and customs of the State of New York and City of New York; the defendants herein, separately and in concert, engaged in the illegal conduct herein mentioned, to the injury of the plaintiff, CELINA HAIGOOD,

and deprived her of her rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

56. Defendant, P.O. DILIETO, and other police officers and/or detectives at the scene, as agents, servants and employees of defendants, CITY OF NEW YORK and NYPD, together with persons unknown to the plaintiff, acting under color of law, subjected the plaintiff, and prior thereto, other persons, to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonment, false arrest and malicious prosecution in denial of rights, privileges and immunities guaranteed to them by the Constitution of the United States and the Constitution of the State of New York.

57. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest, false imprisonment and malicious prosecution visited on plaintiff, CELINA HAIGOOD, and other citizens by members of the NYPD, acting in concert with persons unknown to the plaintiff and under color of law, and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in during the course of protecting persons or property or civil order.

58. Although the defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents,

servants and employees, the defendants, CITY OF NEW YORK and NYPD, have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents.

59.   The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, CELINA HAIGOOD, of the following rights, privileges and immunities secured to her by the Constitution of the United States and the State of New York:

(a)   the right to be secure in her person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b)   the right to be informed of the nature and cause of the accusations against her as secured to her under the Sixth and Fourteenth Amendments of the Constitution of the United States.

(c)   the right not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

60.   By reason of the aforesaid, the defendants, their agents, servants and employees conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff, CELINA HAIGOOD, of her freedom, and compelled her to abandon her rights and privileges as

provided to her by the Constitution of the United States and the Constitution of the State of New York, and laws related thereto. In addition, the defendants, their agents, servants and employees acted as persons who, under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK, subjected a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, CELINA HAIGOOD, to be deprived of her rights, privileges or immunities received by the Constitution and laws of the United States and the State of New York. Lastly, Plaintiff was subjected to great indignities and humiliation, pain and distress of mind and body, and was held up to scorn and ridicule, injured in her character and reputation, prevented from attending her usual business and vocation and was injured in her reputation in the community, and the acts aforementioned were committed with the aim of injuring and damaging Plaintiff.

61. By reason of the aforesaid false arrest, false imprisonment and deprivation of her rights and liberties as guaranteed by the aforementioned Constitutions, the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, caused the plaintiff, CELINA HAIGOOD, to suffer great bodily injury as described hereinabove.

62. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, has been damaged in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS.

63. By reason of the aforesaid, the plaintiff, CELINA HAIGOOD, requests the following relief:

    (a) compensary damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS as per the schedule set forth below;

    (b) punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS;

    © an award of reasonable attorney's fees, costs and disbursements.

64. Plaintiff requests a trial by jury of all issues involved in this complaint.

65. Plaintiff also requests such and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

    ON THE FIRST CAUSE OF ACTION..................$200,000.00

    ON THE SECOND CAUSE OF ACTION................$200,000.00

    ON THE THIRD CAUSE OF ACTION..................$200,000.00

    ON THE FOURTH CAUSE OF ACTION................$200,000.00

    ON THE FIFTH CAUSE OF ACTION..................$200,000.00

Dated: Forest Hills, NY
       October 29, 2015

                                Yours, etc.

                                _____
                                MICHAEL DREISHPOON, ESQ.
                                Attorney for Plaintiff
                                118-35 Queens Blvd., Ste. 1500
                                Forest Hills, NY 11375
                                718-793-5555

**CERTIFICATION**

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.


Dated:   Forest Hills, NY
         October 29, 2015

                                          _____
                                          MICHAEL DREISHPOON, ESQ.